CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULIA B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:17-cv-00508 |
| | ) |
| COMMISSIONER OF | ) By: Elizabeth K. Dillon |
| SOCIAL SECURITY ADMINISTRATION, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion filed by plaintiff's counsel requesting attorneys' fees under the Social Security Act, 42 U.S.C. § 406(b), for representing plaintiff Julia B. in an appeal before the court regarding disability insurance benefits ("DIB"). (Dkt. No. 25.) Defendant, the Commissioner of the Social Security Administration ("the Commissioner"), "neither supports nor opposes counsel's request for attorney's fees" but asks that the court determine whether the requested amount of $12,062.78 is "reasonable under law." (Dkt. No. 27.) For the reasons that follow, the court will grant the motion for attorneys' fees in full.

I.  BACKGROUND

On November 9, 2017, plaintiff Julia B. filed a complaint with the court, seeking review of the Commissioner's final decision, which denied her application for DIB under the Social Security Act, 42 U.S.C. §§ 401–433. (Compl., Dkt. No. 1.) Both Julia and the Commissioner moved for summary judgment. (Dkt. Nos. 16, 18.) The court referred the matter to the magistrate judge who issued a report and recommendation ("R&R"), recommending the court

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

grant Julia's motion for summary judgment in part, deny the Commissioner's motion for summary judgment, and remand the matter to the Commissioner for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. No. 23.) On March 20, 2019, the court adopted the R&R, and the case was remanded to the Commissioner for further action. (*See* Dkt. No. 24.)

On remand, Julia prevailed and was awarded past-due benefits totaling $96,251.10.[2] (Notice of Award 4, Dkt. No. 29-2.) Of this amount, 25%, or $24,062.78, is being withheld for attorneys' fees. (*Id.*) On December 8, 2023, Julia's attorney filed a motion for attorneys' fees under 42 U.S.C. § 406(b), requesting $12,062.78 of the withheld amount. (Dkt. No. 25.) Counsel contemporaneously filed a fee petition with the SSA regarding representation of Julia at the administrative level, seeking $12,000. (Dkt. No. 25-3.) Together, the requests account for the entire 25% of past-due benefits being withheld. The Commissioner has responded, taking no position on the request but asking the court to determine the reasonableness of the $12,062.78 fee amount.[3] (*See* Dkt. No. 27.)

## II. DISCUSSION

Section 406 of the Social Security Act provides the statutory basis for awarding attorneys' fees in a social security case, with § 406(a) governing fees for representation in

---

[2] The initial Notice of Award was issued on November 19, 2022, but it did not specify the total amount of past-due benefits awarded to Julia or the amount being withheld for attorneys' fees. (*See* Dkt. No. 25-1.) In his motion for attorneys' fees, filed on December 8, 2023, counsel noted that the SSA advised him that $24,062.78 was being withheld for attorneys' fees. (Dkt. No. 25, 2.) An updated Notice of Award was subsequently issued on December 23, 2023, reflecting the correct amount. (*See* Notice of Award.)

[3] The court notes that 385 days elapsed between the issuance of the initial Notice of Award on November 19, 2022, and the filing of the petition for § 406(b) attorneys' fees on December 8, 2023. Although the Commissioner has no direct financial stake in the outcome of § 406(b) petitions, he "plays the part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Because the Commissioner has raised no timeliness objection, the court accepts the petition as timely. *See Bergen v. Commissioner of Social Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely.").

administrative proceedings and § 406(b) governing fees provided for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). When awarding fees under § 406(b), a court must determine whether the contingent-fee agreement, provided it does not exceed 25% of past-due benefits, is reasonable. A reduction in the fee, even if the agreement is presumptively valid, may be appropriate under certain circumstances, such as when "(1) the fee is out of line with the character of the representation and the results achieved, (2) counsel's delay caused past due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (cleaned up) (citing *Gisbrecht*, 535 U.S. at 808).

The court has considered counsel's fee agreement with Julia, which stipulates that counsel "will not ask for a fee of more than 25% of total back benefits awarded in [Julia's] case." (Dkt. No. 25-2.) It has also reviewed the itemized time entries, which indicate that counsel and his firm dedicated a total of 26.9 hours to tasks related to the representation before this court. (Dkt. No. 25-4, 5.) The court finds that none of the factors outlined in *Mudd* require a reduction in fee. Additionally, the court notes that the fee award results in an hourly rate of approximately $448.43 for counsel. This rate is not unreasonable given the degree of success in the case and falls within a reasonable range for the Fourth Circuit. *See, e.g.*, *Stephen F. v. O'Malley*, No. 3:22-CV-00413, 2024 WL 2059741, at *2 (S.D.W. Va. May 8, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $673.83); *Grayer v. Colvin*, No. 5:22-CV-149-RJ, 2024 WL 5110047, at *2 (E.D.N.C. Dec. 13, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $563.90); *Byas v. O'Malley*, No. CV 0:21-790-PJG, 2024 WL 4520094, at *1 (D.S.C. Sept. 12, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $880.30). Considering all of these factors, the court will award the requested fee of $12,062.78, in accordance with the terms of the fee agreement.

### III.  CONCLUSION AND ORDER

For the reasons set forth herein, it is hereby ORDERED that counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (Dkt. No. 25) is GRANTED.  The court authorizes a payment of Twelve Thousand Sixty-Two Dollars and Seventy-Eight Cents ($12,062.78) to Gary C. Hancock, Esquire, as § 406(b) attorneys' fees for court-related services.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: April 15, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge